# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ISRAEL ROJAS-HERNANDEZ and<br>LEOBARDO ROJAS-HERNANDEZ,<br><br>    Defendants. | No. 06mj315<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on November 8 and 9, 2006. Assistant U.S. Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Israel Rojas-Hernandez appeared in person with his attorney, Jim K. MGough. The defendant Leobardo Rojas-Hernandez appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Task Force Officer Dane Wagner.

The court must determine whether any condition or combination of conditions will reasonably assure the defendants' appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of the defendants as required and the safety of the community if the court finds there is probable cause to believe the defendants committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of

imprisonment of ten years or more is prescribed by law.  18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f).  The probable cause element of section 3142(e) that triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption.  *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the evidence indicates both defendants have negligible criminal histories involving only traffic violations.  From the record, it appears the defendants paid applicable fines and appeared as required on those charges.  The defendants did not resist officers at the time of their arrests on the current charges.  The court finds the Government has failed to prove dangerousness as to either defendant by clear and convincing evidence.

However, the record further indicates the defendants are facing serious charges involving the distribution of very large quantities of methamphetamine.  The charges will result in lengthy prison sentences if the defendants are convicted.  Further, the defendants told law enforcement agents that they have traveled to and from Mexico several times within the past year.  Despite their significant ties to the Sioux City, Iowa, community, the evidence indicates the defendants have ties to Mexico, and the means to travel.  Given the seriousness of the present charges and the defendants' ties to Mexico, the court finds the defendants are a significant flight risk, and the Government has so proved by a preponderance of the evidence.  Therefore, the court finds the following:

1.  Both defendants are committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.  The Attorney General shall afford the defendants reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendants, or either of them, as necessary, to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, the defendants must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 9th day of November, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT